UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTOPHER SADOWSKI,<br><br>                      Plaintiff,<br><br>    - against -<br><br>I CAN HAZ, LLC<br>                      Defendant. | Docket No. _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Christopher Sadowski ("Sadowski" or "Plaintiff"), by and through his undersigned counsel, as and for his Complaint against Defendant I Can Haz, LLC, ("Haz" or "Defendant") hereby alleges as follows:

### NATURE OF THE ACTION

1. This is an action alleging copyright infringement under Section 501 of the Copyright Act and the removal and/or alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of four (4) copyrighted photographs of the dismantling of the David Letterman marquee outside the Ed Sullivan Theater in New York City owned and registered by Sadowski, a New Jersey based photojournalist. Accordingly, Sadowski seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

### JURISDICTION AND VENUE

2. This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendant because Defendant resides in and/or is doing business in New York.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Sadowski is a professional photojournalist in the business of licensing his photographs to online, print, and television stations for a fee, having a usual place of business at 96 Ninth Avenue, Hawthorne, New Jersey 07506. Sadowski's photographs have appeared in many publications around the United States.

6. Upon information and belief, Haz is a limited liability corporation duly organized and existing under the laws of the State of Delaware, with a place of business at 101 East 16th Street, Apt. 5B, New York, New York 10003. Upon information and belief, Haz is registered with the New York Department of State, Division of Corporations to do business in the State of New York. At all times material hereto, Haz has owned and operated a website at the URL: www.splitsider.com (the "Website").

## STATEMENT OF FACTS

**A.     Background and Plaintiff's Ownership of the Photographs**

7. On May 27, 2015, Sadowski photographed the David Letterman marquee sign being dismantled and removed from the Ed Sullivan Theater (the "Photographs"). True and correct copies of the Photographs are attached hereto as Exhibit A.

8. Sadowski then licensed the Photographs to the New York Post. On May 27, 2015, the New York Post ran an article that featured the Photographs on its web edition entitled, *Letterman marquee removed from Ed Sullivan Theater*.  See http://nypost.com/2015/05/27/letterman-marquee-removed-from-ed-sullivan-theater/.

Sadowski's name was featured in a gutter credit identifying him as the photographer of the Photographs. True and correct copies of the Photographs, as displayed in the New York Post article, are attached hereto as Exhibit B.

9. Sadowski is the author of the Photographs and has at all times been the sole owner of all right, title and interest in and to the Photographs, including the copyright thereto.

10. The Photographs were registered with the U.S. Copyright Office and was given Copyright Registration Number VA 1-968-137.

**B. Defendant's Infringing Activities**

11. Upon information and belief, on or about May 28, 2015, Haz ran an article on the Website entitled *The Iconic 'Late Show with David Letterman' Marquee Is No More*. See http://splitsider.com/2015/05/the-iconic-late-show-with-david-letterman-marquee-is-no-more/. The article prominently featured four (4) of the Photographs. A true and correct copy of the article is attached hereto as Exhibit C.

12. Haz did not license the Photographs from Plaintiff for its article, nor did Haz have Plaintiff's permission or consent to publish the Photographs on its Website.

13. Upon information and belief, Haz removed Sadowski's gutter credit and did not attribute the Photographs to anyone.

**FIRST CLAIM FOR RELIEF
(COPYRIGHT INFRINGEMENT AGAINST HAZ)
(17 U.S.C. §§ 106, 501)**

14. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-13 above.

15. Haz infringed Plaintiff's copyright in the Photographs by reproducing and publicly displaying the Photographs on the Website. Haz is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photographs.

16. The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

17. Upon information and belief, the foregoing acts of infringement by Haz have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

18. As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and Defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

19. Alternatively, Plaintiff is entitled to statutory damages up to $150,000 per work infringed for Defendant's willful infringement of the Photographs, pursuant to 17 U.S.C. § 504(c).

20. Plaintiff further is entitled to his attorney's fees and full costs pursuant to 17 U.S.C. § 505.

21. Defendant's conduct, described above, has caused, and unless enjoined and restrained by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated by or measured in money damages. Plaintiff has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
## INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST HAZ
## (17 U.S.C. § 1202)

22. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-21 above.

23. When the Photographs were published in an article in the New York Post, the article contained copyright management information under 17 U.S.C. § 1202(b).

24. Upon information and belief, in its article on the Website, Haz intentionally and knowingly removed copyright management information identifying Plaintiff as the photographer of the Photographs.

25. The conduct of Haz violates 17 U.S.C. § 1202(b).

26. Upon information and belief, Haz's falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

27. Upon information and belief, the falsification, alteration and/or removal of said copyright management information was made by Haz intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal its infringement of Plaintiff's copyrights in the Photographs. Haz also knew, or should have known, that such falsification, alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal its infringement of Plaintiff's copyrights in the Photographs.

28. As a result of the wrongful conduct of Haz as alleged herein, Plaintiff is entitled to recover from Haz the damages that he sustained and will sustain, and any additional gains, profits and advantages obtained by Haz because of its violations of 17 U.S.C. § 1202, including attorney's fees and costs.

29. Alternatively, Plaintiff may elect to recover from Haz statutory damages pursuant to 17 U.S.C. § 1203(c)(3)(B) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant Haz be adjudged to have infringed upon Plaintiff's copyrights in the Photographs in violation of 17 U.S.C §§ 106 and 501;

2. That Defendant Haz be adjudged to have falsified, removed and/or altered copyright management information in violation of 17 U.S.C. § 1202.

3. That, with regard to Plaintiff's First Claim for Relief, Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photographs; or b) alternatively, statutory damages of up to $150,000 per copyrighted work infringed pursuant to 17 U.S.C. § 504;

4. That, with regard to the Second Claim for Relief, Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's falsification, removal and/or alteration of copyright management information; or b) alternatively, statutory damages of at least $2,500 and up to $ 25,000 for each instance of false copyright management information and/or removal or alteration of copyright management information committed by Defendant pursuant to 17 U.S.C. § 1203(c);

5. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

6. That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 505;

7. That Plaintiff be awarded pre-judgment interest; and

8. Such other and further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
February 23, 2017

                                             LIEBOWITZ LAW FIRM, PLLC

                                             By: /s/ Kamanta C. Kettle
                                                        Kamanta C. Kettle
                                             Richard P. Liebowitz
                                             11 Sunrise Plaza, Suite 305
                                             Valley Stream, NY 11580
                                             Tel: (516) 233-1660
                                             KK@LiebowitzLawFirm.com
                                             RL@LiebowitzLawFirm.com

                                             *Attorneys for Plaintiff Christopher Sadowski*